# Initial Case Report

**COLORADO SPRINGS POLICE DEPARTMENT**
705 S. Nevada Ave.
Colorado Springs, CO 80903
(719) 444-7000

Case Report #**2023-00032634**

## EVENT

| OCCURRED INCIDENT | INCIDENT # | DATE/TIME REPORTED |
|---|---|---|
| CSPD Other - Misdemeanor | 2023-00356634 | 09/02/2023 02:20 |

| LOCATION OF OCCURRENCE | OCCURRED DATE/TIME |
|---|---|
| 108 E Pikes Peak AVE  COLORADO SPRINGS, CO 80903 | 09/02/2023 02:00 |
| | OCCURRED THROUGH |
| | 09/02/2023 02:05 |

[X] BWC   [ ] APS   [ ] APTHOT   [ ] DHS   [ ] FCOC   [ ] VAU

## OFFENSES

| STATUTE / DESCRIPTION | Counts | Attempt/Commit |
|---|---|---|
| 9.3.101B  Interference with Public Official | 1 | Completed |

## VICTIM

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE |
|---|---|---|---|
| 01 | Victim | City of Colorado Springs, | |

**ADDRESS**
30 S Nevada AVE
CO 80903

PRIMARY PHONE
SECONDARY PHONE

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|

**VICTIM / OFFENDER RELATIONSHIP**
LOGAN, SHANE EGAN  10/08/1998 STRANGER

EMAIL ADDRESS

## SUSPECT / OTHER

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE 24 |
|---|---|---|---|
| 01 | Suspect | LOGAN, SHANE EGAN | 10/08/1998 |

**ADDRESS**
2010 CARMEL DR 320
COLORADO SPRINGS CO 80910

PRIMARY PHONE
(719)453-9457
SECONDARY PHONE

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|
| White | Male | 6 2 | 205 | Blond | Hazel |

| DL/ID NUMBER | STATE | JACKET NUMBER |
|---|---|---|
| 142940905 | CO | |

## VEHICLE

| VEH # | PROPERTY CODE | [ ] Burned  [ ] Counterfeit / Forged  [ ] Destroyed / Damaged / Vandalized  [ ] Recovered  [ ] Seized  [ ] Stolen  [ ] Unknown |
|---|---|---|

| TYPE / MAKE / MODEL | YEAR | COLOR |
|---|---|---|

| PLATE | STATE | VIN | VALUE |
|---|---|---|---|

DESCRIPTION

## PROPERTY

| ITEM # | PROPERTY CODE | [ ] Burned  [ ] Counterfeit / Forged  [ ] Destroyed / Damaged / Vandalized  [ ] Recovered  [ ] Seized  [ ] Stolen  [ ] Unknown |
|---|---|---|

| SERIAL NUMBER | QTY/UNIT OF MEASURE | VALUE | COLOR |
|---|---|---|---|

ITEM TYPE and DESCRIPTION

x

| CASE DISPOSITION | EXCEPTIONAL CLEARANCE | ASSOCIATED CASES | REPORTING DISTRICT |
|---|---|---|---|
| Cleared by Arrest | | 2023-00032632 | HOT/Dart Team |

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR & IBM # |
|---|---|
| Czajkowski, Kristofer 6588 | Somersalmi, Christine |

CSPD Case Report 2023-00032634 Page 1 OF 7

# EXHIBIT G

| COLORADO SPRINGS POLICE DEPARTMENT<br>705 S. Nevada Ave.<br>Colorado Springs, CO 80903<br>(719) 444-7000 | Initial Case Report<br>Case Report # **2023-00032634** |
|---|---|

## ADDITIONAL SUSPECTS / OTHER SUBJECTS

**SUSPECT / OTHER**

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE |
|---|---|---|---|
| 02 | Suspect | CRONICK, SASHA LEYLA | 09/02/1984 |

| ADDRESS | PRIMARY PHONE |
|---|---|
| 1129 COOPER AVE<br>COLORADO SPRINGS CO 80905 | (719)627-2642 |
| | SECONDARY PHONE |

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|
| White | Female | 5 5 | 125 | Brown | Brown |

| DL/ID NUMBER | STATE | JACKET NUMBER |
|---|---|---|
| 070020961 | CO | |

**SUSPECT / OTHER**

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE |
|---|---|---|---|
| 03 | Suspect | CORDOVA, CHRISTOPHER JOHN Jr | 11/29/1982 |

| ADDRESS | PRIMARY PHONE |
|---|---|
| 9934 S SILVER MAPLE WAY<br>HIGHLANDS RANCH CO 80129 | (720)474-6698 |
| | SECONDARY PHONE |

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|
| White | Male | 5 7 | 160 | Black | Brown |

| DL/ID NUMBER | STATE | JACKET NUMBER |
|---|---|---|
| 991340756 | CO | |

**SUSPECT / OTHER**

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE |
|---|---|---|---|
| | | | |

| ADDRESS | PRIMARY PHONE |
|---|---|
| | |
| | SECONDARY PHONE |

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|
| | | | | | |

| DL/ID NUMBER | STATE | JACKET NUMBER |
|---|---|---|
| | | |

**SUSPECT / OTHER**

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE |
|---|---|---|---|
| | | | |

| ADDRESS | PRIMARY PHONE |
|---|---|
| | |
| | SECONDARY PHONE |

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|
| | | | | | |

| DL/ID NUMBER | STATE | JACKET NUMBER |
|---|---|---|
| | | |

**SUSPECT / OTHER**

| PER # | SUBJECT TYPE | NAME | DOB / AGE RANGE |
|---|---|---|---|
| | | | |

| ADDRESS | PRIMARY PHONE |
|---|---|
| | |
| | SECONDARY PHONE |

| RACE | SEX | HEIGHT | WEIGHT | HAIR | EYE |
|---|---|---|---|---|---|
| | | | | | |

| DL/ID NUMBER | STATE | JACKET NUMBER |
|---|---|---|
| | | |

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR |
|---|---|
| Czajkowski, Kristofer 6588 | Somersalmi, Christine |

| | |
|---|---|
| **COLORADO SPRINGS POLICE DEPARTMENT**<br>705 S. Nevada Ave.<br>Colorado Springs, CO 80903<br>(719) 444-7000 | **Initial Case Report**<br><br>Case Report # **2023-00032634** |

## NARRATIVE

**BODY WORN CAMERA FOOTAGE EXISTS FOR THIS INCIDENT**
It should be noted based on the chaotic nature of the scene the bodyworn camera footage includes incidents that occurred prior to the contact with the suspects in this case.

**SUSPECT/ ARRESTEE STATUS**
Suspect's Known:
- Christopher Cordova DOB: 11/29/1982
- Sasha Cronick DOB: 09/02/1984
- Shane Logan DOB: 10/08/1998

All parties were arrested and transported to the Police Operations Center (POC) for fingerprinting and photographs. Sasha and Christopher were fingerprinted and photographed and were then served and released at the POC for interference. Shane refused to be fingerprinted and photographed and was then served and released at the POC for interference.

**INITIAL INFORMATION**
On 09/02/2023 at approximately 0147 hours, I Officer K. Czajkowski 6588 along with several other officers were located in the area of 00 N Tejon St observing bar closing activities. While in that area I was notified to a physical disturbance occurring in the area of 108 E Pikes Peak Ave. It should be noted this original incident is documented under CSPD case number 23-32632.

**OFFICER STATEMENT**
I noted there were several people fighting which were separated, and some individuals were detained. Once this original disturbance was stopped, I observed as another disturbance involving some of the same individuals involved in the first disturbance started in the parking lot located at 108 E Pikes Peak Ave.

There were still officers investigating the first incident so myself and other officers went to stop the second disturbance. Once that disturbance was stopped, I observed there were several injured individuals who would require medical evaluation and still more requiring interview. I could see a that point that there were three individuals in the parking lot who appeared to be gathering videos of the events. I could see they did not appear to be crowding officers or impeding on the investigation initially. These three individuals were later identified as the defendants in this case and as; Christopher Cordova DOB: 11/29/1982, Sasha Cronick DOB: 09/02/1984, and Shane Logan DOB: 10/08/1998.

I briefly left the parking lot located at 108 E Pikes Peak Ave to check on the officers investigating the first incident. Shortly after leaving I heard as officers located in the parking lot located at 108 E Pikes Peak Ave relayed a suspect in that incident was running from the area. I checked the area for that suspect and was unable to locate him at which point I returned to the parking lot located at 108 E Pikes Peak Ave. It should be noted this parking lot is located adjacent to several popular liquor

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR |
|---|---|
| Czajkowski, Kristofer 6588 | Somersalmi, Christine |



**COLORADO SPRINGS POLICE DEPARTMENT**
705 S. Nevada Ave.
Colorado Springs, CO 80903
(719) 444-7000

Initial Case Report

Case Report # **2023-00032634**

**NARRATIVE (continuation)**

establishments and is normally packed with vehicles and people when those establishments close. I noted that this time during the investigation there were several vehicles and people within the parking lot, it was crowded and there was vehicle traffic.

**OFFICER STATEMENT INTERFERENCE**
Upon returning to the incident scene were other officers were interviewing witnesses and victims to an assault I observed as an ambulance was arriving at the parking lot. The layout of the parking lot is quite large; however, there were still several vehicles parking in the parking lot making some areas confined. I noted the victims that would need to be evaluated by medical personnel arriving were located in between an open parking space with a vehicle on each side. I could see the three individuals I previously observed filming (Christopher Cordova, Sasha Cronick, and Shane Logan) had now moved directly next to the victims in this case and were blocking the open parking space and route medical personnel would take to enter for evaluation purposes. It should also be noted that while officers were still in the area other disturbances were still occurring in the area which meant removing officers from my location to stop those disturbances.

Based on this group being in the way, I approached them and calmly and clearly advised them I needed them to move because medical personnel were arriving. I observed as they continued to record and I advised them again to move around to the other side as I observed the ambulance began to pull up to the location. I heard as Sasha pointed her camera towards the victims in this case and asked something along the lines of if they were going to have to move as well. I told her they were actually involved in this and that their group needed to move. I then stated again they need to move behind a specific vehicle as I pointed to a set of parking lanes just north of the location and Sasha stated, "No." I then clearly stated that they were going to move behind the ambulance or they would be arrested for interference.

I then observed as Sasha moved behind Christopher and Shane at which point I continued to give loud and clear verbal commands to move behind the ambulance and to the other side of the parking lane. I was also pointing to the location where I needed them to move so they would not be in the way of the medical personnel and officers interviewing them. I then observed as Shane began to mockingly take tiny steps backwards and told me to record him with my body camera. I estimated that at Shane's current rate of small steps it would take him approximately 30 minutes to move to the area were he would not be interfering and wasn't listening to my specific instructions of where he needed to move. It should be noted that based on Shane and other members of the group claiming they were moving they clearly understood and heard the orders I was giving.

I then clearly stated that they had five seconds to move a specific direction and into a specific parking space which I clearly pointed to. I gave them a specific location to move to which would be out of the way of officers and medical personnel. I noted there current location was just behind and to the south of the back doors of the ambulance. This would have been a clear issue for medical personnel moving

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR |
|---|---|
| **Czajkowski, Kristofer 6588** | **Somersalmi, Christine** |

| | |
|---|---|
| **COLORADO SPRINGS POLICE DEPARTMENT**<br>705 S. Nevada Ave.<br>Colorado Springs, CO 80903<br>(719) 444-7000 | **Initial Case Report**<br><br>Case Report # **2023-00032634** |

## NARRATIVE (continuation)

victims into the ambulance. The area where they could have moved to would have allowed them to continue to record with no interference. I advised them if they did not move they would be arrested. I then explained I would give them five seconds to move. I then counted down from five to one at which point I observed none of the members of the group to include; Christopher Cordova, Sasha Cronick, and Shane Logan moved to the area I designated for them. Based on that I advised them they were all under arrest at which point I grabbed Shane's right hand and placed the phone he was holding in that hand aside. I then began placing him into handcuffs. I noted that once I advised all the individuals they were under arrest Sasha began running eastbound from the area trying to flee. Sasha was taken into custody by other officers and placed into handcuffs. Christopher was also taken into custody.

**OFFICER STATEMENT ARREST**
I then placed Shane into handcuffs and clearly advised him that he was under arrest for interference. I then heard as Shane complained about a prior shoulder injury and requested to be double cuffed which meant two pairs of handcuffs could be applied to give him more movement. I allowed this and placed him into two pairs of handcuffs thus giving him more shoulder movement. I then heard as Shane made a statement about Christopher and mentioned that he was the only one that was moving, indicating that he himself had not been. I asked Shane to identify himself at which point he refused until a supervisor arrived and demanded to speak to a supervisor. I requested a supervisor respond and advised Shane that he still needed to identify himself because he was under arrest.

I noted that based on our location there were not enough marked police cruisers in the parking lot to secure the in custody parties inside of. I also noted that based on the other disturbances in the area there were no officers available to bring those cruisers to the location. Based on that I had Shane stand outside until I could have one brought to the area. Shane then continued to refuse to identify himself until a supervisor arrived. I then heard as Shane claimed I turned his camera off when I arrested him. What actually happened is I removed his camera from his hand when I placed his hands behind his back to take him into custody.

I was then able to contact another officer who brought Christopher to my location as well. Once he arrived I noted he had a large camera with him. I ensured this camera was in his view the entire time and took extra steps to ensure it wouldn't be damaged. I then observed as another disturbance occurred in the area which was unrelated and I had to disperse. It should be noted the act of interference which Shane, Christopher, and Sasha exhibited took police resources away from more serious incidents in the area when they could have simply moved to the designated location.

I then coordinated with another officer who brought marked police cruisers to the parking lots location. I was then contacted by Christopher who requested my business card which I placed into his pocket. I then heard as Shane asked Christopher if he should provide me his name which Christopher stated he should provide. Shane then identified himself as, Shane E Logan DOB: 10/08/1998. Shane then claimed to be diabetic and asked to take a drink of his soda which I allowed and assisted him with.

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR |
|---|---|
| **Czajkowski, Kristofer 6588** | **Somersalmi, Christine** |

|  | **COLORADO SPRINGS POLICE DEPARTMENT**<br>705 S. Nevada Ave.<br>Colorado Springs, CO 80903<br>(719) 444-7000 | Initial Case Report |
|---|---|---|
|  |  | Case Report # **2023-00032634** |

## NARRATIVE (continuation)

I then observed as other marked police cruisers were brought to the parking lot and Sasha, Shane, and Christopher were secured in the back of separate cruisers. Once Shane was secured in the back of a cruiser I allowed him to a make a phone call to a family member. Shane then requested to keep his phone with him which I did not allow.

I then began completing a summons for Shane's arrest. I noted that other officers began completing a summons for Christopher and Sasha arrest as well. I then heard as Shane began to argue with me about his arrest at which point I calmly explained that he was interfering and I gave him a reasonable amount of time to move as well as clear instructions. Shane then demanded his phone again at which point I advised him he would get it back after being served.

**OFFICER STATEMENT SUPERVISOR ARRIVAL & TRANSPORT**
It should be noted, Sasha, Christopher, and Shane's identities were later confirmed through their Colorado Department of Revenue records. Sgt. D. Mallet 2053 then arrived to speak with the arrested parties per their request. After he had spoken with all of them I briefed him on the situation and he advised the involved parties should be transported to the POC so fingerprints and photographs could be taken and they could be served their summons.

Based on that the following officers transported the arrested parties to the POC:
- Officer J. Angel 7209 transported Shane Logan
- Officer M. Beall 7212 transported Sasha Cronick
- I transported Christopher Cordova

Upon arrival at the POC, Officer Angel brought Christopher to the POC Records section for fingerprinting and Photographs. I served Christopher with a summons for interference and then provided the summons to Officer Angel. It should be noted that Christopher refused to sign the summons. Officer Angel then facilitated Christopher getting fingerprinted and photographed. Christopher was then released into the POC lobby and his property was provided to him. Officer Beall who had custody of Sasha took her to the POC Records section as well and served her a summons for interference and facilitated her getting fingerprinted and photographed. Upon its completion Sasha was released into the POC lobby as well.

I remained with Shane while at the POC in an office until there was a Records technician available to collect his photographs and fingerprints. While waiting I served his summons for interference to him. I explained it fully and upon reaching the signature box he refused to sign. It should be noted I later discovered the case number listed on Shane's summons should be listed as, 23-32634 instead of 23-32632. The case number 23-32632 documents the investigation which Shane was interfering with. I also noted that Shane requested to speak with a supervisor again while waiting. Sgt. Mallet arrived and spoke with him. I then brought Shane to the Records section for photographs and fingerprints. Upon arrival Shane refused to comply and refused to have his photograph and fingerprints collected. Sgt.

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR |
|---|---|
| **Czajkowski, Kristofer 6588** | **Somersalmi, Christine** |



| COLORADO SPRINGS POLICE DEPARTMENT<br>705 S. Nevada Ave.<br>Colorado Springs, CO 80903<br>(719) 444-7000 | Initial Case Report<br>Case Report # **2023-00032634** |
|---|---|

**NARRATIVE (continuation)**

Mallet was requested to the Records section and he advised to release Shane and not physically force the collection of the fingerprints and photographs. Based on that I released Shane in the POC lobby and provided him his property as well as my business card. Based on Shane's refusal I would suggest this be mandated in the future.

**OFFICER STATEMENT CONCLUSION**
I later reviewed video footage from the parking lot of 108 E Pikes Peak Ave which was dated 09/02/2023. I began reviewing footage that was time stamped beginning at 0202 hours. I noted this video quality was not crystal clear; however, it was still possible to see the ambulance entering the parking lot and parking. It also showed the congested nature of the parking lot and the need for medical personnel to load victims into the back of the ambulance where the suspect's were blocking. This video also showed Sasha fleeing eastbound through the parking lot. I collected a copy of this video and later placed it into DIMS.

Upon the completion of this I ended my involvement in the investigation. It should be noted the involved individuals have been arrest for similar incidents in the past with CSPD.

**EVIDENCE COLLECTED**
I placed the video I collected into DIMS.

**STATUS OF PATROL INVESTIGATION**
Patrol investigation complete.
**END OF REPORT, SEE OTHER OFFICERS REPORTS FOR FURTHER INFORMATION.**

| REPORTING OFFICER & IBM # | APPROVING SUPERVISOR |
|---|---|
| **Czajkowski, Kristofer 6588** | **Somersalmi, Christine** |