# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-2723-CYC

CHRISTOPHER CORDOVA

    Plaintiff,

v.

KRISTOPHER CZAJKOWSKI, in his individual capacity;
VANESSA MENDOZA, in her individual capacity;
GUNNAR FISK, in his individual capacity;
CITY OF COLORADO SPRINGS

    Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on January 15, 2026 at 10:00 a.m. in Courtroom C205 of the Byron G. Rogers United States Courthouse, 1961 Stout St. Denver, CO 80294.

*Counsel for Plaintiff:*

E. Milo Schwab
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co
casey@ascendcounsel.co

*Counsel for Defendants*

W. Erik Lamphere
Colorado Springs City Attorney's Office
30 S. Nevada Ave., Ste. 501
Colorado Springs, CO 80903
(719) 385-5909
erik.lamphere@coloradosprings.gov

### 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction of Plaintiff's federal claims pursuant to 28

U.S.C. § 1331.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This case arises from Plaintiff Christopher Cordova's arrest while he was filming police activity in downtown Colorado Springs on September 2, 2023. Cordova, a self-identified First Amendment Auditor, was recording officers from a distance of approximately 10 to 20 feet as they responded to an unrelated fight. Mr. Cordova alleges that he never spoke to anyone at the scene, made no threatening or interfering movements, and at all times remained a passive observer engaged in protected expressive activity.

During the course of Mr. Cordova's filming, Officer Czajkowski ordered his arrest and directed Officer Vanessa Mendoza to handcuff Mr. Cordova. Officers Czajkowski and Mendoza later drafted narratives that Cordova alleges contained knowingly false statements intended to justify the charge. Mr. Cordova was then issued a summons for Interference and subjected to fingerprinting and photographing. This was done pursuant to a Colorado Springs Police Department policy requiring special processing of First Amendment Auditors—a policy rooted in viewpoint discrimination. The case proceeded to a municipal jury trial, where Cordova was acquitted after 30 minutes of deliberation.

Mr. Cordova has filed this civil action asserting four claims: (1) malicious prosecution under C.R.S. § 13-21-131 against Officers Czajkowski, Mendoza, and Fisk; (2) free-speech retaliation under the same statute against the same officers; (3) unlawful arrest under C.R.S. § 13-21-131; and (4) a 42 U.S.C. § 1983 First Amendment claim against the City of Colorado Springs based on its alleged policy targeting First Amendment Auditors for heightened processing and surveillance. He seeks compensatory and punitive damages, declaratory and injunctive relief, and attorney fees.

b. Defendants:

Colorado Springs police officers lawfully arrested Christopher Cordova on September 2, 2023. Mr. Cordova violated the law. The officers did not maliciously prosecute, unlawfully arrest, or retaliate against Mr. Cordova for any purported exercise of First Amendment rights. Defendants did not violate the First or Fourth Amendments. Officers Czajkowski and Mendoza did not make false or misleading statements in their reports or otherwise. Officer Fisk did not participate in the arrest or prosecution or make any false or misleading statements. The officers' conduct was not outrageous or extreme. The officers were not motivated by evil motive, or intent, recklessness or callous indifference to Mr. Cordova's rights. The offices acted lawfully and/or in good faith at all times. The officers acted reasonably. Negligence does not give rise to any claim.

The City of Colorado Springs did not have an unlawful policy or custom, did not unlawful target or surveil Mr. Cordova or anyone exercising their First Amendment rights and did not cause any of Mr. Cordova's claimed injuries of any kind.

Mr. Cordova did not suffer any injuries, damages or losses, including compensatory damages of any kind, physical and mental pain and anguish, or punitive or special damages as a result of his interaction with officers on September 2, 2023. Defendants were not the cause of any injuries, damages or losses, including compensatory damages of any kind, physical and mental pain and anguish, and punitive or special damages. Mr. Cordova is not entitled to declaratory relief or an attorney's fee award. Any claimed injuries were preexisting, occurred after the interaction or are otherwise unrelated to the underlying incident or not proximately or factually caused by Defendants, and were unforeseeable. Defendants expressly incorporate all denials and defenses raised or asserted in any answer to the complaint or motion to dismiss or for summary judgment.

Defendants reserve the right to add additional affirmative defenses as discovery and the law disclose.

## 4. UNDISPUTED FACTS

**The following facts are undisputed:**

a. Venue is proper within this District under 28 U.S.C. § 1391(b).

## 5. COMPUTATION OF DAMAGES

Plaintiff's damages include: economic losses or injuries which the plaintiff has had to the present time or which the plaintiffs will probably have in the future, including loss of earnings or damage to their ability to earn money in the future, as well as medical, hospital, and other expenses; noneconomic losses or injuries which plaintiffs have had to the present time or which plaintiffs will probably have in the future, including: physical injury, physical and mental pain and suffering, inconvenience, emotional stress, impairment of the quality of life, loss of liberty, and the inability to exercise one's constitutional rights. Plaintiff is the process of collecting all relevant medical bills and retaining the appropriate experts who will be able to offer opinions of the costs of all future medical and other costs. Plaintiffs also seek costs and attorneys' fees, and pre- and post-judgment interest, as allowed by law. Damages will ultimately be determined by a jury.

Defendants object to Plaintiff's proposed language above as it does not comply with Fed. R. Civ. 26(a)(1)(A)(iii) which requires a computation of all categories of damages sought and the basis and theory for calculating damages. Defendants reserve the right to request any costs and fees they may be entitled to under the law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:** January 6, 2026

    b. **Names of each participant and party he/she represented:**

    <u>**For Plaintiff:**</u>

    E. Milo Schwab
    Casey Alexa Peel
    Ascend Counsel, LLC
    2401 S. Downing Street
    Denver, CO 80210
    (303) 888-4407
    milo@ascendcounsel.co
    casey@ascendcounsel.co

    <u>**For Defendants:**</u>

    W. Erik Lamphere
    Colorado Springs City Attorney's Office
    30 S. Nevada Ave., Ste. 501
    Colorado Springs, CO 80903
    (719) 785-5909
    erik.lamphere@coloradosprings.gov

    c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:** January 20, 2026.

    d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):** None.

    e. **Statement concerning any agreements to conduct informal discovery:** None.

    f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

    The parties agree to use a unified exhibit numbering system for deposition exhibits and where otherwise appropriate.

    g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

    The parties do not anticipate that this case will involve extensive discovery of electronically stored information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed settlement. Settlement is unlikely at this time.

## 7. CONSENT

All parties **have** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiff does not propose any modifications to the presumptive number of depositions or interrogatories.

Defendants propose that the parties agree each side may conduct up to five (5) depositions.

Defendants propose that Plaintiff may serve twenty-five (25) interrogatories to Defendants, collectively, and Defendants, collectively, may serve twenty-five (25) interrogatories to Plaintiff.

Court: The parties shall be limited to eight fact depositions per side, exclusive of expert depositions. The parties shall propound up to 40 interrogatories per side.

b. **Limitations which any party proposes on the length of depositions.**

Plaintiff proposes a limit of seven (7) hours per deposition

Defendants propose a limit of five (5) hours per deposition.

Court: A limit of seven hours per deposition shall apply. To the extent practicable, plaintiff shall inform the defendants if a deposition can take place in less time than that prior to the deposition.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiff does not propose any modification to the presumptive number of requests for production nor for requests for admission.

Defendants propose that Plaintiff may serve twenty (20) requests for production and twenty (20) requests for admission to Defendants, collectively. Defendants, collectively, may serve twenty (20) requests for production and twenty (20) requests for admission to Plaintiff.

Court: Each side may propound 35 requests for production and twenty requests for admission to the parties on the other side.

   d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** August 3, 2026.

   e. **Other Planning or Discovery Orders**:

If a discovery dispute arises during an on-going deposition, the parties must jointly call Magistrate Judge Chung's chambers. For all other discovery disputes, the movant must email Chung_Chambers@cod.uscourts.gov, copying all parties, with a brief description of the dispute and a request for a Discovery Conference. *See* D.C.COLO.MJ VI.

## 9. CASE PLAN AND SCHEDULE

   a. **Deadline for Joinder of Parties and Amendment of Pleadings:** March 16, 2026

   b. **Discovery Cut-off:** September 25, 2026

   c. **Dispositive Motion Deadline:** October 30, 2026

   d. **Expert Witness Disclosure:**

   1. **The parties shall identify anticipated fields of expert testimony, if any:**

   Plaintiff: Plaintiff does not anticipate retaining any expert in this case.

   Defendants: Defendants may retain an expert in police practices and procedures, damages expert, and any expert necessary for rebuttal and/or impeachment.

   2. **Limitations which the parties propose on the use or number of expert witnesses:** Two retained (Rule 26(a)(2)(B)) expert witnesses per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: July 17, 2026.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: August 14, 2026.

5. Any motion to exclude an expert under Federal Rule of Evidence 702 or for discovery violations shall be filed on or before September 14, 2026.

e. Identification of Persons to Be Deposed:

**Plaintiff:**

- Defendants
- Representatives of the Colorado Springs Police Department with knowledge of the policy of photographing and fingerprinting First Amendment Auditors
- Any witness present during the incident
- Witnesses listed on Defendants' Rule 26(a)(1) disclosures
- Any experts disclosed by Defendants

**Defendants:**

- Plaintiff
- Any party or witness identified in any disclosure
- Any experts, retained or otherwise, disclosed by Plaintiff

## 10. DATES FOR FURTHER CONFERENCES

a. **Status conferences will be held in this case at the following dates and times:** None at this time.

b. If no dispositive motions are filed, the parties shall, no later than seven days after the dispositive motions deadline has passed, jointly contact Judge Chung's chambers for purposes of setting the Final Pretrial Conference. In cases in which one of the parties is

an incarcerated pro se litigant, the non-incarcerated party shall file a motion asking the Court to set the Final Pretrial Conference. If dispositive motions are filed, the Court will sua sponte set the Final Pretrial Conference when resolving the dispositive motion(s), should the dispositive motion(s) not fully dispose of the case.

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:** None.

b. **Anticipated length of trial and whether trial is to the court or jury.**

Trial is anticipated to last 5 days and will be to a jury.

**Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of January, 2026.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

APPROVED:

*Counsel for Plaintiff:*

E. Milo Schwab
Casey Peel
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co
casey@ascendcounsel.co

*Counsel for Defendants*

W. Erik Lamphere
Colorado Springs City Attorney's Office
30 S. Nevada Ave., Ste. 501
Colorado Springs, CO 80903
(719) 385-5909
erik.lamphere@coloradosprings.gov